UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| FEVEN GHENA NEGASH,<br><br>                  Petitioner,<br><br>    v.<br><br>BRUCE SCOTT[1], Warden of Northwest<br>ICE Processing Center,<br><br>              Respondents. | No. 2:26-CV-01653-SAB<br><br><br><br>**ORDER DISMISSING**<br><br>**HABEAS PETITION** |

On May 12, 2026, Petitioner filed a Petition for Writ of Habeas Corpus

---

[1] Petitioner lists "ICE Field Office Director" as the Respondent to this petition. The proper respondent in a habeas petition is the warden of the facility at which the petitioner is located. Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Consistent with its obligation to construe pro se filings leniently, the Court substitutes Warden Bruce Scott as the respondent in this matter. See Pham v. Scott, No. 2:26-cv-00027-LK, 2026 WL 238994 (W.D. Wash. Jan. 29, 2026). While Bruce Scott has not appeared in this case, (1) the purpose of naming the petitioner's custodian is to effectuate injunctive relief where appropriate, see Padilla, 542 U.S. at 435 (the custodian has "the power to produce the body of [the petitioner] before the court or judge," such that "he may be liberated if no sufficient reason is shown to the contrary"); and (2) federal respondents often represent the warden's interests. See Doe v. Garland, 109 F.4th 1188, 1196 (9th Cir. 2024).

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS ~ 1**

Pursuant to 28 U.S.C. § 2241, ECF No. 1. Petitioner is proceeding pro se. Respondent is represented by Michelle R. Lambert. Having reviewed the relevant record, the Court dismisses Petitioner's petition.

In his Petition, Petitioner asserted he was being detained in violation of his dur process rights. At the time of his Petition, he alleged that he had been detained for four months.

In its return, Respondent indicates Petitioner was removed from the United States on May 26, 2026. As such, the Court finds the habeas petition is moot, since it challenges Petitioner's detention and does not allege any collateral consequence that can still be addressed by the Court.

Accordingly, **IT IS HEREBY ORDERED:**

1.    Petitioner's Petition for Writ of Habeas Corpus Pursuant To 28 U.S.C. §, 2241, ECF No. 1, is **DISMISSED,** as moot.

**IT IS SO ORDERED**. The Clerk of Court is directed to enter this Order, provide copies to counsel, enter judgment in favor of Respondent and against Petitioner, and **close** the file.

**DATED** this 3rd day of June 2026.

Stanley A. Bastian
U.S. District Court

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS ~ 2**